Filed 9/14/21  P. v. Gallapsie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAKWAN ALI GALLAPSIE,<br><br>Defendant and Appellant. | C093373<br><br>(Super. Ct. No. STK-CR-FECOD-2018-0009827) |

Appointed counsel for defendant, Dakwan Ali Gallaspie, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 *(Wende)*).  Having reviewed the record as required by *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The People's felony information charged defendant with possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count one); carrying a loaded firearm in a public place while not being the

1

registered owner (Pen. Code, § 25850, subd. (c)(6); count two);[1] being a felon in possession of a firearm (§ 29800, subd. (a)(1); count three); and being a felon in possession of ammunition (§ 30305, subd. (a)(1); count four). The information further alleged as to these charges that defendant had a prior serious felony conviction (§§ 1170.12, subd.(b), 667, subd. (d)) and a prior prison term (§ 667.5, subd. (b)). Defendant pleaded not guilty and denied all enhancements.

Defendant filed a section 1538.5 motion seeking to suppress all evidence derived from an alleged unlawful traffic stop by police, which the People opposed. Following an evidentiary hearing, the court ruled that the officers had reasonable cause to conduct the traffic stop, and the observation of the white powdered substance in the baggy justified the search of the car. Accordingly, the court denied the motion.

Defendant pleaded no contest to the unlawful firearm possession in count three in exchange for dismissal of the remaining counts and the striking of the special allegations. The stipulated factual basis for this plea was the preliminary hearing transcript. This transcript reflected that defendant was driving a car that was stopped after it was seen leaving the area of a report of shots being fired. Officer Kyle Tacker smelled marijuana, and his partner saw one of the people in the car attempt to hide a small plastic bindle with a white powdery substance. Officers detained the occupants and searched the car, finding the previously mentioned plastic bindle and a loaded firearm under the driver's seat that was not registered to anyone in the car. After defendant was moved from the patrol car to be searched, a dollar bill containing a powdery substance was discovered therein. Both recovered substances tested positive for cocaine and were usable amounts.

On January 7, 2021, the court sentenced defendant to the midterm of two years in prison with credit for two actual days plus two conduct days for a total of four days

---

[1] Undesignated statutory references are to the Penal Code.

custody credit.  The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a matching suspended $300 parole revocation restitution fine (§ 1202.45), a 10 percent county administration fee on the restitution fine (§ 1202.4, subd. (*l*)), a $40 court security fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373)).  Defendant timely appealed the denial of his suppression motion.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  ( *Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                          __/S/_____
                                          MAURO, Acting P. J.


We concur:


__/S/_____
HOCH, J.


__/S/_____
RENNER, J.

3